IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE HERNANDEZ, PRO SE, § | |
| TDCJ-CID No. 1284057, § | |
| Previous TDCJ-CID No. 1119878, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:09-CV-0140 |
| § | |
| TEXAS TECH UNIVERSITY HEALTH § | |
| SCIENCE CENTER, § | |
| TIMOTHY REVELL, IPOLITO UY, § | |
| and SUZZANNE PAUL, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff GEORGE HERNANDEZ, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff alleges he has suffered severe chronic headaches from May 15, 2006 to the present and severe chest or upper abdominal pain from November 12, 2007 to the present. Plaintiff says he was diagnosed in 1992 with "Hippel-Linden" disease which was confirmed by Dr. Dorman on July 30, 2007. He says this condition causes benign tumors, vascular tangles, and enlargement of blood vessels. Plaintiff also states that x-rays of his xiphoid process show a one centimeter gap between his sternum and the xiphoid process and that an injury or dislocation cannot be excluded. Plaintiff refers the Court to Exhibits 1 and 2 attached

to his complaint to substantiate his statements. Plaintiff states he also suffers other symptoms of dizziness, light-headedness, blurred vision, vomiting blood, numbness in his tongue and right leg, and heart palpitations.

Plaintiff alleges he has received conservative treatment for these conditions for three years without significant relief. He says his initial treatment at the Clements Unit infirmary was by defendant Dr. UY on July 14, 2006 and that he was subsequently treated by defendants Dr. REVELL, Dr. UY, FNP SUZANNE PAUL, and by Dr. Dorman.

Plaintiff further alleges defendant REVELL requested an MRI/CT scan on February 7, 2007 and Dr. Dorman requested one on November 1, 2007 to rule out a vascular origin for plaintiff's severe headaches, possibly caused by or exacerbated by the Hippel-Linden Disease, but their requests were denied by defendant TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER (TTUHSC). He states that, on February 21, 2008, a Dr. Uszynski opined a more precise determination is required by CT or bone scan, to exclude injury or dislocation of the xiphoid but that defendants have disregarded his findings and refuse to do any further evaluation.

Plaintiff complains defendants have consistently been informed of his symptoms, but disregard or ignore him and refuse effective testing and treatment, persisting in applying only ineffective pharmacological treatment.

Plaintiff requests injunctive relief ordering proper testing in the form of an MRI/CT scan and treatment, compensatory damages, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

**Defendant TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER**

Plaintiff's claims against defendant TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER are barred by the Eleventh Amendment. The Texas Tech University Health Sciences Center[3] is an agency of the State of Texas, and plaintiff's claims against this entity is, in effect,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] United States v. Texas Tech University, 171 F.3d 279, 289 n.14 (5th Cir. 1999)("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.").

raised against the State of Texas. The Eleventh Amendment embodies "the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97-98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). The doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest. Consequently, such a lawsuit is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Court notes that plaintiff may be seeking injunctive relief; however, to avail himself of the *Young* doctrine[4], which carves an exception to operation of Eleventh Amendment immunity where prospective injunctive relief is sought, a plaintiff must be seeking declaratory and injunctive relief against state officers in their individual capacities. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *accord, Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (when seeking injunctive relief that involves the activity of a state agency, the plaintiff must sue some individual in authority at the agency, not the agency itself). Therefore, plaintiff's claim against defendant TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER must be dismissed without prejudice for want of jurisdiction.

**Defendants REVELL, UY and PAUL**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by

---

[4]*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Review of the records plaintiff submitted to show the care he complains of reveals no explicit diagnosis of Hippel-Linden, but does show, at Exhibit 1, a notation by Doctor Dorman and defendant Dr. UY of a history of vascular lesions or hemangiomas, that plaintiff had received x-rays, eye exams and blood pressure checks over the last year, and was currently on Dyazide and Verapamil. There is also a notation that "[h]e may become a candidate to r/o some type vascular malformation."

The treatment plan is shown as follows:

    1. Mobic 7.5 mg tab 1 daily x 39 days, KOP, with ref x 2

    2. CT scan of brain – r/o venous malformation."

From Exhibit 1, the Court can conclude that, with respect to plaintiff's headaches, a CT scan was being considered to rule out venous malformation. Accepting as true plaintiff's allegation that defendant REVELL and Dr. Dorman requested a CT scan of plaintiff's brain but were refused, this does not support plaintiff's claim of deliberate indifference by any of the remaining defendants REVELL, UY, or PAUL.

Exhibit 2 is an x-ray report by a Dr. Uszynski showing the results of a February 19, 2008 x-ray ordered by defendant Dr. REVELL. It notes the two views of the sternum show no evidence of fracture or dislocation, that the view of the xiphoid was not optimal, that the sternum appeared intact and the manubrium normal, but that there was a 2 centimeter gap between the sternum and the xiphoid process which could be a normal anatomic variation. It also states that, "if there is persistent clinical concern for xiphoid injury further evaluation with either bone scan or CT could also be obtained." The report ends with the statement that, "[i]f indicated CT or bone scan can be performed if more precise determination is required."

Plaintiff feels Dr. Uszynski is stating more precise determination is necessary and that it is time to exclude any possibility of injury of dislocation of the xiphoid process, but that interpretation goes beyond Uszynski's actual statement which is, simply, that "_if_ there is a persistent clinical concern for xiphoid injury [underline added]," a CT or bone scan can be performed. Plaintiff has alleged no fact which shows any of the defendants knows of facts

indicating the xiphoid process has been injured and the failure to pin down the precise injury creates a substantial danger of serious harm to plaintiff.

It is clear plaintiff is dissatisfied with the results of the conservative treatment he has received for his two conditions. Nevertheless, plaintiff's disagreement with his doctors over the method and result of medical treatment does not show deliberate indifference by the defendants. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's allegation that his prison doctors should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). At best, with more supporting factual allegations, plaintiff might be able to state a claim of negligence, if event that; however, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Thus, plaintiff's claims against defendants REVELL, UY, and PAUL lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff GEORGE HERNANDEZ filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION AND WITH PREJUDICE AS FRIVOLOUS.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise pendant jurisdiction of any state law claims asserted; and they be dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, \Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>29th</u> day of June 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).